# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| CARL JEROME HOLMES, | * | |
| Petitioner, | * | |
| | | CASE NO. 7:10-CV-90080 (WLS) |
| vs. | * | 28 U.S.C. § 2255 VS. |
| | | CASE NO. 7:92-CR-5 (WDO) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on May 10, 2010, is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

A Superceding Indictment was returned in this Court on March 20, 1992, charging Petitioner with possession of a firearm shipped in interstate commerce by a convicted felon, pursuant to 18 U.S.C. § 922(g) and possession of an unregistered short barrel shotgun by a convicted felon, pursuant to 26 U.S.C. § 5861(d). (Doc. 14). On November 6, 1992, Petitioner was convicted of both counts (Doc. 56), and was sentenced on June 4, 1993, to a total of 300 months imprisonment to be followed by a five-year term of supervised release (Doc. 71). Petitioner filed a direct appeal to the Eleventh Circuit Court of Appeals which affirmed his conviction on June 20, 1994. (Doc. 81).

On August 16, 2004, Petitioner filed Case No. 7:04-CV-88 (WDO), his first § 2255 motion to vacate his sentence (Doc. 84), which was denied as untimely on August 10, 2005. (Doc. 87). Petitioner filed a motion for a certificate of appealability to the Eleventh Circuit Court of Appeals which denied the same on September 23, 2005. (Doc. 90). More than four years later, in 2010,

Petitioner filed an application with the Eleventh Circuit seeking an order authorizing a second or successive motion to vacate based on "newly discovered evidence." On April 23, 2010, the Court of Appeals denied Petitioner's application. (Doc. 94, p. 32). Nonetheless, on May 10, 2010, Petitioner Holmes filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## Conclusions of Law

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. Pursuant to the AEDPA, the movant must file an application with the appropriate Court of Appeals for an order authorizing the district court to consider a second or successive § 2255 motion:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Without authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003)*; Hill v. Hopper,* 112 F.3d 1088, 1089 (11th Cir. 1997).

In this case, the legality of Petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the Eleventh Circuit on direct appeal, and Petitioner has previously collaterally attacked his sentence by Motion To Vacate, Set Aside, or Correct his Sentence pursuant

to 28 U.S.C.§ 2255, which the district court denied as untimely. Petitioner then sought an order authorizing the district court to consider a second or successive motion to vacate based on "newly discovered evidence" which was also denied by the Appellate Court. Petitioner, however, ignored the Court's denial and proceeded to file his successive § 2255 motion to vacate. This court, therefore, is without the authority to entertain a second or successive challenge to Petitioner's sentence.

WHEREFORE, IT IS RECOMMENDED that Petitioner Holmes's petition be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of May, 2010.

                                                **S/ G. MALLON FAIRCLOTH**
                                                **UNITED STATES MAGISTRATE JUDGE**